IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60969
Summary Calendar

_____

JAKE AYERS, JR, Etc; ET AL

       Plaintiffs

JAKE AYERS, JR, Private Plaintiffs

       Plaintiff - Appellant

LILLIE B AYERS; LEOLA BLACKMON; RANDOLPH WALKER; HENRY BERNARD
AYERS; DR IVORY PHILLIPS; APPROXIMATELY 4,000 PETITIONERS,
AFFIANTS, PARTIES IN INTEREST AND OTHERWISE PARTICIPANTS IN THE
AYERS CONTROVERSY, also known as Lillie B Ayers Private
Plaintiffs

       Appellants

   v.

RONNIE MUSGROVE, Governor, State of Mississippi

       Defendant - Appellee

BOARD OF TRUSTEES OF STATE INSTITUTION OF HIGHER LEARNING; DELTA
STATE UNIVERSITY; MISSISSIPPI STATE UNIVERSITY; UNIVERSITY OF
SOUTHERN MISSISSIPPI; UNIVERSITY OF MISSISSIPPI; MISSISSIPPI
UNIVERSITY FOR WOMEN

       Appellees

   v.

LOUIS ARMSTRONG

       Movant - Appellant

_____

Appeal from the United States District Court
for the Northern District of Mississippi
4:75-CV-9-B

_____
April 23, 2002

Before KING, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants are members of a class certified under Federal Rule of Civil Procedure 23(b)(2). FED. R. CIV. PRO. 23(b)(2). After other members of the class proposed a settlement agreement but before the district court approved or rejected that agreement, Appellants filed two motions: (1) Motion For Injunctive Relief Against State of Mississippi For Non-Compliance With Mandate of Court Or Stay Or Injunction Pending Appeal and (2) Second Motion For Injunctive Relief Against State of Mississippi For Non-Compliance With Mandate of Court Or Stay Or Injunction Pending Appeal. The district court entered an order dismissing Appellants' first motion on the ground that Appellants lacked standing to act separate and apart from the class. The district court entered a second order denying Appellants' second motion on the ground that the motion was moot. Appellants appeal these orders.

We dismiss Appellants' appeal because the district court's orders are not currently appealable. First, the district court's orders are not appealable under 28 U.S.C. § 1291 because neither

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

order constitutes a final decision "that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 86 (2000) (internal citations and quotations omitted). Second, the district court's orders are not appealable under 28 U.S.C. § 1292(a)(1) as denials of injunctions because the orders do not command action from any party, do not threaten contempt for non-action, and do not accord substantive relief to any party. See Police Ass'n of New Orleans v. City of New Orleans, 100 F.3d 1159, 1166 (5th Cir. 1996). Finally, the district court's orders are not appealable as collateral orders because they do not resolve questions separate from the merits and are effectively reviewable on appeal from the final judgment. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 469 & n.12 (1978).

Appeal DISMISSED. Costs shall be borne by Appellants.